IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HONG KONG TUQING LIMITED,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Hong Kong Leyuzhen Technology Co. Limited, ("Plaintiff"), by and through its undersigned counsel, hereby files this complaint for copyright infringement under Copyright Act of 1976, 17 U.S.C. § 101 et seq., against HONG KONG TUQING LIMITED, ("Defendant"), and for Plaintiff's Complaint hereby alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, since Defendant directly targets business activities toward consumers in the United States, including Illinois, through its operation of or assistance in the operation of the fully interactive, commercial internet stores operating under the Defendant domain names and/or the Defendant Internet Stores on temu.com. Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendant because the claims asserted herein

1

arise under federal copyright law, Defendant would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws. NBA Props., Inc. v. HANWJH, 46 F.4th 614, 622-23 (7th Cir. 2022).

## II.  INTRODUCTION

3. Plaintiff is the owner of the federal copyright registration VA0002380492, (the "Copyright Protected Photographs") which protects the creative content of Plaintiff's photographs. Plaintiff is a Hong Kong based women's fashion brand who operates under the brand name, Rotita. The Rotita brand is globally recognized for its clothing items. Plaintiff uses the Copyright Protected Photographs to advertise, market, and otherwise promote Plaintiff's products. Plaintiff's Copyright Protected Photographs are carefully composed to attract, invite, display, and show consumers the clothing, dresses, tops, swimsuits, and other clothing items Plaintiff has to offer. The Copyright Protected Photographs are one of Plaintiff's most effective means of connecting with consumers and are essential to the commercial success of the Rotita brand.

4. This action has been filed by Plaintiff to combat the online copyright infringer who has reproduced and displayed Plaintiff's Copyright Protected Photographs without authorization. Defendant trades upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products using Plaintiff's Copyright Protected Photograph in its online listings.

5. In an effort to illegally profit from the creative content of the Copyright Protected Photographs, Defendant has created at least one Defendant Internet Store and used the Copyright Protected Photographs without authorization to make illegal profits.

6. Attached as **Exhibit 2** are true and correct copies of the Defendant's storefront showing the exact copying of Plaintiff's Copyright Protected Photographs. Defendant attempts to avoid liability by going to great lengths to conceal both its identity and the full scope and

interworking of its illegal operation. Plaintiff is forced to file this action to combat Defendant's infringement of Plaintiff's Copyright Protected Photograph.

7. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyrights, reputation, goodwill, the quality, and ability to license as a result of Defendant's actions and seeks injunctive and monetary relief.

8. The rise of online retailing and "fast-fashion," coupled with the ability of e-commerce sites to hide identities, has made it nearly impossible for policing actions to be undertaken by Plaintiff since availing itself of takedown procedures to remove infringing products would be an ineffective and endless game of whack-a-mole against the mass infringement that is occurring over the internet. The aggregated effect of the mass infringement that is taking place has overwhelmed Plaintiff and Plaintiff's ability to police Plaintiff's rights against the hundreds of anonymous infringers who are selling competing products at prices below an original through the unauthorized use of Plaintiff's Copyright Protected Photographs.

9. To be able to offer the competing products at a price substantially below the cost of the original, while still being able to turn a profit after absorbing the cost of manufacturing, advertising, and shipping requires an economy of scale only achievable through a cooperative effort throughout the supply chain.

### III. THE PARTIES

10. Plaintiff is the owner of numerous Group Registrations of Published Photographs ("GRPPH"), specifically United States Copyright Registration No. VA0002380492, (the "Copyright Protected Photograph" or "Group Registrations of Published Photographs") and the Group Registration of Published Photographs is attached hereto as **Exhibit 1**. Upon information and belief, the copyrights have effective dates that predate the Defendant's acts of copyright

infringement. The Registrations are valid, subsisting, and in full force and effect. A true and correct copy of the registration certificate is attached hereto as **Exhibit 1.**

11. Plaintiff owns the Group Registrations of Published Photographs in order to protect the creative content of the Copyright Protected Photographs. Plaintiff is a Hong Kong based, women's fashion brand, operating under the Rotita brand, with international reach. The Copyright Protected Photographs are used to advertise, market, and otherwise promote Plaintiff's products. The Copyright Protected Photographs are carefully composed with the intention of attracting consumer interest and effectively showcasing various categories of clothing, such as dresses, swimsuits, tops, pants, jumpsuits, and accessories.

12. Plaintiff has invested significant time, resources, and effort in building consumer awareness, goodwill, and brand recognition for its products, which are advertised and marketed using the Copyright Protected Photographs.

13. As a direct result of Plaintiff's substantial efforts, including the marketing and promotion of authorized products marketed using the Copyright Protected Photographs, the publicity and media coverage surrounding such products, and related social media exposure, members of the consuming public have come to recognize and associate the Copyright Protected Photographs exclusively with Plaintiff.

14. Rotita has made efforts to protect Plaintiff's interests in and to the Copyright Protected Photographs. No one other than Plaintiff is authorized to reproduce, display, advertise, create derivative works, offer for sale, or sell any goods utilizing, advertising, marketing, featuring, or otherwise using the Copyright Protected Photographs without the express written permission of Plaintiff.

15. Defendant is an individual and business entity who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendant conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces, including temu, operating under the Defendant Internet Stores. Defendant operates at least two (2) Internet Stores on the temu Platform Epeiikt, and Sdjfuld. Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to copy and display the Copyright Protected Photographs without authorization to consumers within the United States, including Illinois and in this judicial district.

### IV. DEFENDANTS' UNLAWFUL CONDUCT

### COUNT I
### COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

16. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15.

17. Plaintiff's Copyright Protected Photographs are of substantial value and were produced and created by Plaintiff at considerable time, effort, and expense. Plaintiff is the sole owner of each workgroup Registration of Published Photographs, and all of the Copyright Protected Photographs have been registered with the U.S. Copyright Office. See **Exhibit 1**.

18. At all relevant times, Plaintiff has owned and held the exclusive rights infringed by Defendant, including, but not limited to, the Plaintiff's Copyright Protected Photograph, including derivative works thereof.

19. Upon information and belief, Defendant obtained access to the Copyright Protected Photographs through Plaintiff's ordinary business activities. Thereafter, without authorization or consent, Defendant unlawfully reproduced Plaintiff's Copyright Protected Photographs and

engaged in widespread infringement by publishing and distributing such works through websites and the Temu online markets in connection with the marketing and sale of Defendant's competing products.

20. Plaintiff alleges that Defendant further infringed Plaintiff's Copyright Protected Photographs by creating, or causing to be created, unauthorized derivative works from Plaintiff's Copyright Protected Photographs by producing and distributing such reproductions without Plaintiff's authorization. Defendants have, without Plaintiff's consent, published online infringing derivative works of Plaintiff's Copyright Protected Photographs. In doing so, Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute an infringement of Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101, et seq. Attached as **Exhibit 2** are true and correct screenshots and web captures of Defendant's infringing activity.

21. Further, as a direct and proximate result of Defendant's acts of copyright infringement, Defendant has unlawfully obtained direct and indirect profits it would not have realized but for its infringement of Plaintiff's Copyright Protected Photographs. Plaintiff is entitled to an accounting disgorgement of Defendants' profits directly and indirectly attributable to its infringement of Plaintiff's Copyright Protected Photographs.

22. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and with deliberate disregard for, and with indifference to, Plaintiff's rights.

23. As a result of Defendant's infringement of Plaintiff's exclusive rights under the Copyright Act, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, together with and aware costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

24. The conduct of Defendant has caused and, unless enjoined and restrained by this Court will continue to cause Plaintiff great and irreparable harm that cannot fully be compensated or measured in monetary damages. Plaintiff has no adequate remedy at law. Accordingly, pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's Copyright Protected Photographs and requiring the destruction of all unauthorized copies of Plaintiff's Copyright Protected Photographs.

25. Defendant's copies, digital files, and other embodiments of Plaintiff's Copyright Protected Photograph from which additional copies could be reproduced, should be impounded and forfeited to Plaintiff as instruments of infringement. Likewise, and all knockoff copies created by Defendant should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503. Plaintiff further requests that the Court order the seizure and destruction of all unauthorized copies of Plaintiff's Copyright Protected Photographs in Defendant's possession, custody, or control, to prevent any continued or future infringement of Plaintiff's exclusive rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, be preliminarily and permanently enjoined pursuant to 17 U.S.C. §§ 502–503 from:

1. Reproducing, displaying, distributing, offering for sale, or otherwise using Plaintiff's Copyright Protected Photographs, or any works substantially similar thereto, without authorization;

2. Manufacturing, importing, distributing, offering for sale, or selling any products using Plaintiff's Copyright Protected Photographs or infringing derivatives thereof;

    3. Assisting, aiding, or abetting any other person or entity in engaging in any of the activities set forth in subparagraphs (1)– (2).

B. That all Defendant's online marketplace accounts, domain names, and Defendant Internet Stores be temporarily, preliminarily, and permanently disabled and enjoined from operating or being transferred to any other owner or registrar.

C. Those third-party providers, including but not limited to Amazon, eBay, Alibaba, AliExpress, Walmart, TikTok, Temu, Wish, and PayPal, and any banks, payment processors, or financial institutions holding or transferring Defendant's assets, be ordered to:

    1. Disable and cease providing services for any accounts through which Defendant engages in the sale of products by using, without authorization, the Copyright Protected Photographs, including any accounts associated with the Defendant;

    2. Disable and cease displaying any advertisements used by or associated with Defendant that display the Copyright Protected Photographs;

    3. Take all necessary steps to prevent links to Defendant's Online Stores from displaying in search results, including, but not limited to, removing links to Defendant's domain names from any search index;

    4. Freeze and restrain all funds in Defendant's accounts connected to the infringing conduct; and

    5. Transfer all such restrained funds to Plaintiff as partial satisfaction of any judgment entered.

D. That Defendant be ordered to deliver up for destruction all unauthorized copies and derivative works of Plaintiff's Copyright Protected Photographs, including all physical, digital, or electronic embodiments thereof, pursuant to 17 U.S.C. § 503.

E.  That Plaintiff be awarded, at its election, either:

   1. Plaintiff's actual damages together with all profits of Defendant attributable to their infringement, pursuant to 17 U.S.C. § 504(b); or

   2. Statutory damages pursuant to 17 U.S.C. § 504(c), including enhanced damages for willful infringement.

F.  That Plaintiff be awarded its costs of suit, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

G.  That Plaintiff be granted such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff also demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: November 13, 2025                           Respectfully Submitted,

By: */s/ Joseph W. Droter*
Joseph W. Droter (IL Bar No. 6329630)
Katherine M. Kuhn (IL Bar No. 6331405)
Nihat Deniz Bayramoglu (NV Bar No. 14030)
Nazly Aileen Bayramoglu (NM Bar No. 151569)
**BAYRAMOGLU LAW OFFICES LLC**
233 S. Wacker Drive, 44th Floor #57
Chicago, IL 60606
Tel: (702) 462-5973 Fax: (702) 553-3404
Katherine@bayramoglu-legal.com
Joseph@bayramoglu-legal.com
deniz@bayramoglu-legal.com
nazly@bayramoglu-legal.com
*Attorneys for Plaintiff*

COMPLAINT FOR COPYRIGHT INFRINGEMENT                Case No.